UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                              Civil No. 1:20-CV-233

vs.

$6,263.00 UNITED STATES CURRENCY,

        Defendant.
_____/

## **VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

NOW COMES Plaintiff, United States of America, by and through its attorneys, Andrew Byerly Birge, United States Attorney for the Western District of Michigan, and Daniel T. McGraw, Assistant United States Attorney, and states upon information and belief that:

1. This Complaint is a civil forfeiture action filed pursuant to 21 U.S.C. § 881(a)(6) against Defendant $6,263.00 United States Currency (the "Defendant Currency").

## **JURISDICITON AND VENUE**

2. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1345 and 1355(b)(1)(A), because this action is being commenced by the United States of America as Plaintiff, and the acts giving rise to the basis for forfeiture occurred in the Western District of Michigan.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1395(b), because the Defendant Currency was found within the Western District of Michigan.

## THE DEFENDANT *IN REM*

4. On October 31, 2019, agents of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) executed a search warrant at the residence of Darion Monroe in Grand Rapids, Michigan. The Defendant Currency was seized from Monroe's person and was placed in the custody of ATF. At the time of the filing of this Complaint, the Defendant Currency is in the custody of ATF.

5. As set forth below, the Defendant Currency is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) because it constitutes proceeds traceable to the sale of a controlled substance or substances and/or was furnished or intended to be furnished in exchange for a controlled substance or substances, in violation of 21 U.S.C. §§ 846, 841(a)(1).

## FACTS SUPPORTING FORFEITURE

6. In September 2019, ATF received information from an individual who could purchase cocaine from Darion Monroe, and ATF initiated an investigation into Monroe's drug trafficking in violation of 21 U.S.C. § 841(a)(1).

7. Between September 9, 2019 and October 24, 2019, utilizing a confidential informant, ATF conducted four controlled purchases of cocaine from Darion Monroe.

8. Prior to each controlled purchase, ATF recorded the serial numbers of the United States currency the confidential informant used in each drug transaction to buy cocaine from Darion Monroe.

9. Based on the controlled purchases and subsequent information

developed during the investigation, ATF applied for a federal warrant to search Darion Monroe's residence in Grand Rapids, Michigan, his person, his cellular phone, his vehicle, and to seize any other cellular phones found at his residence, which was authorized and signed by a United States Magistrate Judge.

10. On October 31, 2019, ATF agents executed the federal search warrant at Darion Monroe's residence in Grand Rapids, Michigan. Monroe was present during the search.

11. While searching the residence, agents seized 13 grams of marijuana, and found a digital scale, which is commonly used by drug dealers to weigh drugs.

12. During a search of Monroe's person, agents recovered a large wad of United States currency from Monroe's front pocket. The cash seized was worn, mixed in denomination, and consisted largely of $20 bills. A total of $6,263.00 was recovered from Monroe's front pocket.

13. Monroe is a drug dealer who sells illegal drugs. The $6,263.00 recovered from Monroe's front pocket was the proceeds of Monroe's drug dealing and it was furnished, or intended to be furnished by Monroe, in exchange for drugs.

14. On November 1, 2019, ATF inventoried the United States currency seized from Monroe's front pocket and located $620.00 in prerecorded ATF funds that were used during the controlled purchases to buy cocaine from Monroe.

**CLAIM**

15. Plaintiff hereby incorporates by reference the allegations set forth in paragraphs numbered 1 through 14.

16. The Defendant Currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6) because it constitutes proceeds traceable to the sale of a controlled substance or substances, and/or was furnished or intended to be furnished in exchange for a controlled substance or substances, in violation of 21 U.S.C. § 841(a)(1), and/or conspiracy to violate 21 U.S.C. § 841(a)(1), in violation of 21 U.S.C. § 846.

## RELIEF

Wherefore, the United States prays that the usual process for forfeiture issue against the Defendant Currency; that due notice be given to all interested parties to appear and show cause why forfeiture to the United States of America should not be decreed; and that the Defendant Currency be condemned and forfeited to the United States of America and be delivered into the custody of the Bureau of Alcohol, Tobacco, Firearms & Explosives for disposition according to law; and for such other relief as this Court may deem just and proper.

ANDREW BYERLY BIRGE
United States Attorney

Dated: March 18, 2020

DANIEL T. McGRAW
Assistant United States Attorney
P.O. Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404

## VERIFICATION

I am a Special Agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives with personal involvement in this investigation into Darion Monroe's drug trafficking.

I have read the contents of the foregoing Verified Complaint for Forfeiture *In Rem*, and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: __3/17/2020__

ANDREW HOLT
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives